UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YEHUDAH MILCHAMOT,

                    Petitioner,

          -against-

WARDEN OF O.B.C.C.,

                    Respondent.

25-CV-2979 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner initiated this *habeas corpus* proceeding, brought under 28 U.S.C. 2254, while he was in pretrial detention on Rikers Island, where he currently is detained, seeking release from custody. By order dated May 27, 2025, the Court denied the Section 2254 petition, without prejudice, because Section 2254 does not apply in cases where a defendant has not been convicted. The Court also declined to construe the petition as brought under 28 U.S.C. § 2241 because Petitioner did not allege any facts suggesting that he had exhausted his state court remedies and, even if he had shown exhaustion, he did not demonstrate that the Court should intervene in his ongoing criminal proceedings.

On May 28, 2025, the Clerk's Office received Petitioner's motion seeking an order from this Court directing New York State authorities to "put me on a plane to Iran and ban me from ever returning or entering the United States of America or any other County" or "release me to or inside of America." (ECF 13, at 4.) On June 4, 2025, Petitioner filed a "motion to convert petition to a 2241 and to make a dispositive decision so I can appeal it if need be." (ECF 16, at 1.) The Court denies both motions.

First, this action is closed. The Court therefore cannot rule on these motions unless the action is reopened. Second, even if the Court were to construe Petitioner's motions as seeking

reconsideration of the Court's May 27, 2025 order denying his Section 2254 petition under Rule 60(b) of the Federal Rules of Civil Procedure,[1] Petitioner does not include any facts or assertions that would warrant reconsidering the Court's order. Rather, with respect to the first motion, Petitioner seeks the same relief he sought in his Section 2254 proceedings: release from custody. This Court, however, can only reconsider the integrity of the *habeas corpus* proceeding when ruling on a motion for reconsideration, not the underlying criminal proceeding. *See Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (Where a petitioner challenges the denial of a post-conviction petition in a motion brought under Rule 60(b), "relief . . . is available . . . only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction."). Petitioner's motions do not raise any concerns with this Court's disposition of this action; rather, Petitioner merely disagrees with the result.

With respect to the second motion, where Petitioner asks the Court to convert this matter to a Section 2241 proceeding, the Court already declined to do so in its May 27, 2025 order, and Petitioner does not present any facts that would suggest that the Court should reconsider its decision.

## CONCLUSION

The Court denies the motions filed at ECF 13 and ECF 16 and directs the Clerk of Court to terminate these motions. This action is closed.

The warning issued in *Milchamot v. Chief Bronx Dist. Attorney*, No. 25-CV-1157 (JPC) (S.D.N.Y. Apr. 1, 2025) remains in effect.

---

[1] The solicitude that courts afford to *pro se* litigants takes a variety of forms, including liberal construction of pleadings, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (citations omitted).

Because the petition filed in this action does not make any substantial showing of a denial

of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    January 30, 2026
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge

3